FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2026 MAY 13 PM 12:07
OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEBRASKA

**Michael Franklin**,
Plaintiff,

8:26cv222

v.

**Douglas County Corrections**, and
**Wellpath, LLC**,
Defendants.

---

# COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

---

## I. INTRODUCTION

1. This is a civil rights action brought under **42 U.S.C. § 1983** for violations of Plaintiff's constitutional rights under the **Eighth and Fourteenth Amendments**.
2. Plaintiff was subjected to **unlawful medical confinement, unconstitutional conditions, deliberate indifference to medical needs, and denial of due process** while incarcerated.
3. The actions of Defendants constitute cruel and unusual punishment and deprivation of liberty without due process.

---

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under **28 U.S.C. § 1331**.
5. Venue is proper in this district under **28 U.S.C. § 1391**.

---

# III. PARTIES

6. Plaintiff **Michael Franklin** was incarcerated at Douglas County Corrections.
7. Defendant **Douglas County Corrections** operates the jail facility.
8. Defendant **Wellpath, LLC** is a private entity acting under color of state law providing medical services.

---

# IV. STATEMENT OF FACTS

9. Plaintiff was removed from general population and placed in medical segregation under suicide watch **without justification or due process**.
10. Plaintiff was not suicidal and was given no hearing or meaningful review.
11. Defendants claimed Plaintiff had high blood pressure; however, this condition **does not justify extreme isolation or suicide watch conditions**.
12. Plaintiff was subjected to inhumane treatment, including:

- Forced removal of all clothing
- Removal of prescription eyeglasses
- 23–24 hour isolation confinement
- Denial of showers and phone access

13. Plaintiff was denied standard meal trays and instead given food in paper bags.
14. Plaintiff was provided peanut butter despite having a **known allergy**, creating a serious risk to his health.
15. Defendants ignored Plaintiff's medical needs and complaints.
16. Plaintiff suffered emotional distress, humiliation, and physical harm.

---

# V. LEGAL CLAIMS

---

# COUNT I – DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

(42 U.S.C. § 1983 – Eighth Amendment)

17. Plaintiff incorporates all prior paragraphs.
18. The U.S. Supreme Court in Estelle v. Gamble held that **deliberate indifference to serious medical needs constitutes cruel and unusual punishment**.
19. Defendants were deliberately indifferent by:

- Ignoring Plaintiff's food allergy

- Denying proper nutrition
- Removing medically necessary eyeglasses

20. The Supreme Court in Farmer v. Brennan held that prison officials violate the Constitution when they **know of and disregard a substantial risk of serious harm.**
21. Defendants knew of the risks to Plaintiff's health and consciously disregarded them.

---

## COUNT II – UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT

(Eighth Amendment)

22. Plaintiff incorporates all prior paragraphs.
23. The Supreme Court in Helling v. McKinney held that inmates can challenge **conditions that pose a risk to future health and safety**, even if harm has not yet occurred.
24. Plaintiff was subjected to:

- Forced nudity
- Extreme isolation
- Denial of hygiene and basic human needs

25. Federal courts have recognized that placing inmates in harsh isolation without justification can constitute unconstitutional punishment and deliberate indifference.
26. These conditions were excessive, punitive, and not reasonably related to any legitimate penological purpose.

---

## COUNT III – VIOLATION OF DUE PROCESS

(Fourteenth Amendment)

27. Plaintiff incorporates all prior paragraphs.
28. Plaintiff was placed in medical isolation and suicide watch without:

- Notice
- Hearing
- Opportunity to challenge placement

29. This constitutes a deprivation of liberty without due process.

---

## COUNT IV – DELIBERATE INDIFFERENCE TO SAFETY AND HEALTH RISKS

30. Plaintiff incorporates all prior paragraphs.
31. Courts have held that liability arises where prison officials ignore serious health risks, including failure to respond to known dangers to inmate safety.
32. Defendants knowingly exposed Plaintiff to unsafe food and harmful conditions.

---

## COUNT V – MUNICIPAL AND CORPORATE LIABILITY (MONELL CLAIM)

33. Plaintiff incorporates all prior paragraphs.
34. Defendant Douglas County Corrections maintained policies or customs allowing unconstitutional confinement and treatment.
35. Defendant Wellpath acted under color of state law and maintained practices showing deliberate indifference to inmate health.
36. Private medical contractors can be held liable when acting under state authority in correctional settings.

---

## VI. DAMAGES

37. Plaintiff suffered:
- Emotional distress 5 million
- Physical harm
- Mental anguish
- Violation of constitutional rights

38. Plaintiff seeks:
- [redacted] 30 million dollars compensation
- Punitive damages 30 million dollars
- Costs and fees

---

## VII. JURY DEMAND

39. Plaintiff demands a trial by jury.

---

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

A. Judgment in his favor;
B. $5,000,000 in damages;
C. Punitive damages;
D. Any further relief the Court deems just and proper.

---

# IX. SIGNATURE

Michael Franklin
Plaintiff, Pro Se
DATE: 05/05/2026

UNITED STATES POSTAL SERVICE. Retail

E

US POSTAGE PAID

$35.65

Origin: 68132
05/11/26
3066560117-26

PRIORITY MAIL EXPRESS®

MICHAEL FRANKLIN
PO BOX 12109
OMAHA NE 68112-0109
(402) 321-3986

0 Lb 5.60 Oz

RDC 07

SIGNATURE REQUIRED

SCHEDULED DELIVERY DAY: 05/12/26 06:00 PM

C016

SHIP TO:
US DISTRICT COURT
STE 1152
111 S 18TH PLZ
OMAHA NE 68102-1322

216

USPS SIGNATURE® TRACKING #

9581 7128 8722 6131 1169 55

TO: US District Court
111 S 18 Plaza Suite 1152
Omaha NE 68102

FROM: Michael Franklin
PO Box 12109
Omaha NE 68112

PRIORITY ★ MAIL ★ EXPRESS™
GUARANTEED ★ TRACKED ★ INSURED
UNITED STATES POSTAL SERVICE®
For Domestic Use Only

PRIORITY MAIL EXPRESS®
United States Postal Service®
VISIT US AT USPS.COM®
Label 119, Nov 2018

This product is for use with Priority Mail Express®. Misuse may be a violation of federal law. This label is not for resale.