IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL FRANKLIN,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY CORRECTIONS, and WELLPATH, LLC,<br><br>Defendants. | **8:26CV222**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Michael Franklin, a non-prisoner, filed a Complaint on May 13, 2026. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).

## I. SUMMARY OF COMPLAINT

Plaintiff sues Douglas County Corrections ("DCC") and Wellpath, LLC ("Wellpath") (collectively "Defendants") under 42 U.S.C. § 1983 for alleged violations of his Eighth and Fourteenth Amendment constitutional rights while Plaintiff was incarcerated at DCC at an unspecified time. Plaintiff alleges the following statement of facts in support of his claims.

> 9. Plaintiff was removed from general population and placed in medical segregation under suicide watch without justification or due process.
>
> 10. Plaintiff was not suicidal and was given no hearing or meaningful review.

11. Defendants claimed Plaintiff had high blood pressure; however, this condition does not justify extreme isolation or suicide watch conditions.

12. Plaintiff was subjected to inhumane treatment, including:
    - Forced removal of all clothing
    - Removal of prescription eyeglasses
    - 23-24 hour isolation confinement
    - Denial of showers and phone access[.]

13. Plaintiff was denied standard meal trays and instead given food in paper bags.

14. Plaintiff was provided peanut butter despite having a known allergy, creating a serious risk to his health.

15. Defendants ignored Plaintiff's medical needs and complaints.

16. Plaintiff suffered emotional distress, humiliation, and physical harm.

Filing No. 1 at 2.

As relief for the alleged constitutional violations, Plaintiff seeks $30 million in compensatory and punitive damages.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70

(2007); *see also* *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION

As pleaded, Plaintiff's Complaint fails to state a claim for relief against either DCC or Wellpath, but the Court will give Plaintiff leave to amend his Complaint as set forth below.

### A. Claims against DCC

Plaintiff names DCC as a defendant, but DCC must be dismissed because it is not a distinct legal entity subject to suit under 42 U.S.C. § 1983. *See* *Dan v. Douglas Cnty. Dep't of Corr.*, No. 8:06CV714, 2009 WL 483837, at *4 (D. Neb. Feb. 25, 2009) ("the Department of Corrections and other units

within the DCCC and Douglas County lack the legal capacity to sue or be sued in their own names"); *see also Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."). Accordingly, DCC will be dismissed without prejudice as a non-suable entity.

Even if Plaintiff's claims against DCC are construed as a suit against Douglas County itself under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978), Plaintiff's allegations would not state a claim. To prevail on a municipal liability claim, a plaintiff must show that a constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016) (internal citation omitted). Plaintiff does not allege *facts* to suggest that his placement in medical segregation under suicide watch without process resulted from any official policy or widespread custom of Douglas County. His conclusory allegation that DCC "maintained policies or customs allowing unconstitutional confinement and treatment" is insufficient to state a plausible municipal liability claim. *Crumpley Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom."); *see also Iqbal*, 556 U.S. at 679 ("[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]'—'that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)). Accordingly, any claim construed as a claim against Douglas County is subject to dismissal.

**B. Claims Against Wellpath**

Similarly, Plaintiff fails to allege sufficient facts to state a plausible claim for relief against Wellpath, which he alleges "is a private entity acting under color of state law providing medical services." Filing No. 1 at 2. "As a

private entity acting under color of state law, [Wellpath] may 'only be held liable under § 1983 for its own unconstitutional policies,'" and the "'test is whether there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983.'" *De Rossitte v. Correct Care Sols., LLC.*, 22 F.4th 796, 803–04 (8th Cir. 2022) (quoting *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975–76 (8th Cir. 1993)). Plaintiff's vague, conclusory allegation that Wellpath "maintained practices showing deliberate indifference to inmate health," Filing No. 1 at 4, is insufficient to show that Plaintiff's alleged injuries were the result of an unconstitutional policy or custom of Wellpath. As such, Plaintiff's Complaint fails to state a deliberate indifference claim against Wellpath upon which relief may be granted.

## IV. CONCLUSION

Plaintiff's Complaint cannot proceed against DCC, which must be dismissed as a non-suable entity, and his allegations fail to state a plausible § 1983 claim against Wellpath. Thus, his Complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). However, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that alleges sufficient facts supporting a claim against Wellpath, Douglas County, and/or other specific, named individual defendants involved in the alleged constitutional violations associated with Plaintiff's incarceration in the DCC, to the extent such facts can be credibly alleged. If Plaintiff files an amended complaint, Plaintiff must explain specifically what each defendant did or failed to do that personally caused the deprivation of his constitutional rights, when each defendant took or failed to take that action, and how each defendant's conduct harmed him. Failure to file an amended complaint within the time allowed will result in dismissal of this case without further notice to Plaintiff.

IT IS THEREFORE ORDERED that:

1. Defendant Douglas County Corrections is dismissed from this case. The Clerk of Court is directed to remove Douglas County Corrections as a party to this action.

2. Plaintiff shall have until **September 21, 2026,** to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must, to the extent possible, identify each defendant by name and set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him.

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

5. The Clerk of Court is directed to set a pro se case management deadline using the following text: **September 21, 2026**: deadline for amended complaint.

6. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 20th day of August, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge